IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-15-246-R |
| | ) |
| PATRICK ASFOUR, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Patrick Asfour, a federal prisoner appearing *pro se*, has filed a Motion to Reconsider under Fed. R. Civ. P. 59 (Doc. No. 241). The government responded to the motion (Doc. No. 243). Having reviewed the parties' filings, the Court finds as follows.

The Court sentenced Defendant on July 22, 2016 to 190 months' imprisonment following his guilty plea to three counts of a superseding indictment. Mr. Asfour pled guilty to counts alleging interstate travel in aid of racketeering, violation of 18 U.S.C. § 1952(a)(2) and (a)(3)(B), as well as possession with intent to distribute a Schedule I controlled substance in violation of 18 U.S.C. § 841(a)(1). He also pled guilting to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Each count also alleged aiding and abetting. Defendant appealed his sentence to the United States Court of Appeals for the Tenth Circuit, which affirmed his conviction and sentence on December 8, 2017. Thereafter Defendant filed a Petition for Writ of Certiorari with the United States Supreme Court, which the Court denied.

Defendant thereafter filed a motion pursuant to 28 U.S.C. § 2255 asserting that he was deprived of his constitutional right to effective counsel because counsel failed to argue that the United States Sentencing Guidelines were being improperly applied. Defendant also argued that his counsel should have challenged the amount of marijuana for which he was held accountable, arguing that his sentence should have been based on 132 pounds, not 136 pounds as set forth in the Presentence Investigation Report. The Court denied Mr. Asfour's § 2255 motion, and Defendant now moves pursuant to Fed. R. Civ. P. 59(e), arguing that this Court erred in denying his § 2255 motion.[1]

> A Rule 59(e) motion challenging either a procedural ruling of the habeas court or a defect in the integrity of the habeas proceeding is a "true" Rule 59(e) motion. *Spitznas* [*v. Boone*, 464 F.3d 1213,] 1215–16 [(10th Cir. 2006)]. In contrast, when a Rule 59(e) motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [the motion] is ... a second or successive habeas petition." [*United States v.*] *Pedraza*, 466 F.3d [932,] 933 [(10th Cir. 2006)](internal quotation marks omitted). "The distinction is important because [28 U.S.C.] § 2255(h) deprives a district court of jurisdiction over uncertified second or successive habeas petitions." *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015).

*Payne v. Dowling*, 790 F. App'x 884, 891 (10th Cir. 2019). The Court must consider each of the issues raised in the Rule 59 motion in order to determine whether it represents a second or successive § 2255 motion or a "true" Rule 60(b) motion, or a mixed motion. *Spitznas v. Boone*, 464 F.3d 1213, 1224 (10th Cir. 2006). If Defendant's motion "in

---

[1] Mr. Asfour argues that he did not receive a copy of the Government's Court-ordered Sur-reply and did not have an opportunity to respond thereto. The Court did not provide Mr. Asfour with such an opportunity, because the sur-reply was necessary in light of his reply brief, which expanded significantly on the threadbare allegations contained in his original motion. The Government would have been deprived of any opportunity to respond to his significantly expanded arguments had the Court not ordered the sur-reply. Defendant had two opportunities to present his arguments.

substance or effect asserts or reasserts a federal basis for relief from [his] underlying conviction," then it is a successive § 2255 motion. *Id*. at 1215. In the case of a mixed motion, the Court addresses the merits of the true Rule 59(e) allegations as it would the allegations in any other Rule 59 motion, and either dismisses or transfers successive claims to the Tenth Circuit for authorization, if doing so is in the interest of justice. *See Alford v. Cline*, 696 F. App'x 871, 873 (10th Cir. June 8, 2017).

Upon review of Mr. Asfour's motion, the Court finds that it lacks jurisdiction to consider any issue beyond his complaint that he was not permitted to file a brief in response to the Government's sur-reply, an issue rejected on the merits above. Defendant reiterates and reasserts the arguments set forth in his Reply brief regarding the Court's application of the United States Sentencing Guidelines, the issue underpinning his original ineffective assistance of counsel claim. His challenge to the quantity of marijuana for which he was held accountable is similarly an inappropriate attempt at a successive § 2255 motion. Accordingly, the Court lacks jurisdiction to consider the substantive issues raised by Defendant's Motion to Reconsider. Defendant has not yet appealed the Court's denial of his § 2255 motion and accordingly the Court finds that it would not be in the interests of justice to transfer the instant motion to the Tenth Circuit Court of Appeals for authorization.

Mr. Asfour must obtain a Certificate of Appealability to appeal from the portions of this order where the Court treated the motion as an unauthorized § 2255 motion and dismissed it for lack of jurisdiction. *See United States v. Rice*, No. 19-6149, 2020 WL 729533, at *2 (10th Cir. Feb. 13, 2020). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). To do so Defendant "must show that reasonable jurists could debate (or agree on) a different resolution of his § 2255 petition or the merit of further proceedings." *United States v. Hendrix*, 571 F. App'x 661, 662 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Defendant has not made the requisite showing. Therefore, the Court denies Defendant a Certificate of Appealability.

Accordingly, that portion of Defendant's Motion to Reconsider construed as a second or successive § 2255 motion is DISMISSED for lack of jurisdiction, and a certificate of appealability is DENIED. His contention that he was denied the opportunity to file a response to the Government's Sur-reply is without merit, given that the brief was necessitated by Defendant's use of the Reply brief to develop his arguments. The Clerk shall provide Mr. Asfour with a copy of the Government's Sur-Reply (Doc. No. 238) for purposes of his appeal. To the extent the instant motion is a true Rule 59(e), the motion is DENIED.

**IT IS SO ORDERED** this 20th day of April 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE