THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-15-246-R |
| ) | |
| PATRICK ASFOUR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On December 16, 2020, the Court entered an order addressing a letter submitted by Defendant Asfour, which it construed as a motion for compassionate release. (Doc. No. 246). The Court dismissed the motion for lack of jurisdiction because Defendant did not indicate that he requested that the warden file a motion for compassionate release on his behalf as required by 18 U.S.C. § 3582(c). The matter is before the Court on a January 11, 2021 letter from Defendant requesting reconsideration. He again cites the COVID-19 pandemic as a basis for compassionate release. Addressing the Court's prior order he states that he "put in several request to the warden and counselors They have only told me I was denied they will not give me any thing in writing that I can send you. I've also given the warden your info and asked her to file a motion with you regarding the situation here." (Doc. No. 247). The Court ordered the Government to respond to the motion, and it did so on March 2, 2021. (Doc. No. 255). Thereafter, Defendant's mother sent a letter to the Court indicating that she is the caregiver for Defendant's children and has been diagnosed with terminal cancer. (Doc. No. 259). Defendant filed an Amendment to Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) stating therein that his mother has been

diagnosed with Stage IV cancer and is the custodian and caregiver for his children. (Doc. 260).

In response to Defendant's motion for reconsideration, the Government includes an email from the Supervisory Attorney at the Bureau of Prisons representing that as of February 26, 2021, there is no record of Defendant having filed a RIS request with the institution. The attorney surmised that Defendant might have requested home confinement, interpreting the language in Defendant's December 11, 2020 letter to the Court. "[H]e was advised [home confinement] was denied in July of 2020, due to his current offense, high risk score, and amount of time served to date." (Doc. No. 255-1). Thus, it appears that a dispute exists as to whether Defendant requested that the warden file a motion for compassionate release on his behalf. Absent evidence of such a request, for example a copy of Defendant's written request, the Court cannot ascertain that he met the requirement of exhaustion as required by § 3582(c).

Even if the Court assumed that Defendant had exhausted under § 3582(c), the Court would not order Defendant released based on the current status of the COVID-19 pandemic as it regards his current facility. 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court must find "extraordinary and compelling reasons" that warrant a reduction in sentence, after consideration of the factors set forth in 18 U.S.C. § 3553(a). According to data from the Bureau of Prisons, LOMPOC USP, Defendant's place of incarceration, currently has no confirmed cases of COVID-19 in the inmate population or among the staff.[1] Although COVID-19 rates have ebbed and flowed over the past year, the increase in vaccination rates

---

[1] The Court's information was obtained from https://www.bop.gov/coronavirus/, last accessed April 19, 2021.

combined with the current status of no active COVID at the facility lead the Court to conclude that the current circumstances are not exceptional despite Defendant's current health conditions.[2]

To the extent Petitioner seeks release on the basis of his mother's recent cancer diagnosis, there is no indication that he raised this basis for compassionate release to the warden. The Court lacks jurisdiction to consider a factual basis for compassionate release not previously raised in the defendant's request to the warden. *See United States v. Gieswein*, 832 F. App'x 576, 578 (10th Cir. 2021)("Mr. Gieswein's request to the warden did not include COVID-19 as a reason for compassionate release. Therefore, he has failed to meet the statute's exhaustion requirements and his COVID-19 justification was properly dismissed.").

Finally, the Court also lacks jurisdiction to grant Defendant's request that he be ordered to home confinement in lieu of remaining incarcerated. "Granting a prisoner home confinement is not considered a reduction in the sentence. Rather, it is a change in the location and conditions of confinement." *United States v. Read-Forbes,* No. 20-3104, 2021 WL 423160 (10th Cir. Feb. 8, 2021)(unpublished); *United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014) ("[A] person is in the BOP's 'custody' while serving the remainder of a sentence in home confinement. While at home, the confinee is serving a 'term of imprisonment.'"). The CARES Act, 18 U.S.C. § 3624(c)(2), authorizes the Bureau of Prisons ("BOP"), not courts, to expand the use of home confinement. *United States v.*

---

[2] Defendant indicates that he believes he had COVID-19 five months ago and is still suffering from the effects thereof. His medical history as submitted by the Government indicates that Defendant has chronic kidney disease and is pre-diabetic, both of which increase his risk of severe illness from COVID-19.

*Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining that the CARES Act lengthens the duration that BOP's director may use for an inmate's home confinement, and that this procedure is separate from the court's jurisdiction to reduce a sentence under the compassionate release statute, § 3582(c)(1)(A) (citing *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020)). Accordingly, to the extent Defendant requests that the Court permit him to complete his sentence on home confinement, the Court lacks jurisdiction.

For the reasons set forth herein, Defendant's Motion for Reconsideration is DENIED. He has not established that he exhausted his administrative remedies nor has he established, in light of the current absence of active COVID-19 at the facility where he is incarcerated, that extraordinary and compelling reasons exist for modification of his sentence. The Court lacks jurisdiction over Defendant's request for designation to home confinement.

**IT IS SO ORDERED** this 20th day of April 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE