# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-15-246-R |
| ) | |
| PATRICK SAMIR ASFOUR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Motion for Sentence Reduction or Home Confinement Under 18 U.S.C. § 3582(c)(1)(A) Compassionate Release Pro Se Prisoner. (Doc. No. 264). The motion was received by the Clerk of Court on July 1, 2021, but due to clerical error, was not entered into the Court's electronic filing system until December 9, 2021. In the interim, Defendant filed a second copy of the motion (Doc. No. 262), although he did not include the same exhibits in support of the second motion. The Government responded to the motion. (Doc. No. 266). Upon consideration of the parties' submissions, the Court finds as follows.

In support of his motion, Defendant cites to his poor health and the impact of COVID-19 at the facility where he is incarcerated. He further argues that, because his mother has been diagnosed with stage IV cancer and is the primary custodian of his minor children, he should be released so that he can care for her and his children. He contends that testing of staff members is not mandatory, constituting deliberate indifference to and

a violation of his Eighth Amendment rights. The Court grants Defendant's motion liberal construction in light of his *pro se* status. *See Haines v. Kerner*, 404 U.S. 519 (1972).

> Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release, and that very rarely happened. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility...." 18 U.S.C. § 3582(c)(1)(A).

*United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, at *1 (D.N.M. June 10, 2019). The Court previously dismissed a motion by Defendant because he had not exhausted his administrative remedies. The Court denied a Motion for Reconsideration set forth in a January 11, 2021 letter from Defendant. In considering Defendant's request for reconsideration, the Court concluded that COVID, as it pertained to Defendant's current state of incarceration, did not present extraordinary and compelling reasons that warrant a reduction in sentence. (Doc. No. 261, p. 4). The Court further concluded that there was no evidence that Defendant had addressed the issue of his mother's illness with the warden and therefore the Court could not consider the issue. *Id.*, p. 3. Defendant seeks to remedy this defect; attached to the instant motion is the warden's denial of Defendant's May 10, 2021 Request for Administrative Remedy, dated May 20, 2021. (Doc. No. 264-1). The response does not indicate which issues Defendant addressed in his request. However, Defendant also attached his May 26, 2021 Regional Administrative Appeal which

addressed both his mother's illness and COVID-19. *Id.* The form was not signed by Mr. Asfour and the space for a response is blank.

In response to the motion the Government argues that Defendant did not fully exhaust his administrative remedies, citing to a March 11, 2021 request Mr. Asfour sent to the warden wherein he sought a reduction of sentence, compassionate release, or home confinement. (Doc. No. 266-1). The Court hereby orders the Government to address Defendant's May 10, 2021 Request for Administrative Remedy and his May 26, 2021 Regional Administrative Remedy Appeal. The Government shall provide the Court with a copy of the May 10, 2021 Request for Administrative Remedy and with the response to the May 26, 2021 filing, if any, within fifteen days.

**IT IS SO ORDERED** this 20th day of January 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE